# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| LETICIA GONZALEZ, ) | |
| ) | Case Nos. 1:12-cr-116; 1:15-cv-315 |
| *Petitioner*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent*. ) | |

## MEMORANDUM OPINION

Before the Court is a motion to vacate, set aside, or correct sentence pursuant to Title 28, Section 2255 of the United States Code filed by Petitioner Leticia Gonzalez. (Doc. 237.) For the following reasons, Petitioner's motion to vacate, set aside, or correct her sentence (Doc. 237) will be **DENIED**.

## I. BACKGROUND

In April 2013, Petitioner pleaded guilty to one count of conspiracy to possess with the intent to distribute and to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, Sections 846 and 841(a)(1), (b)(1)(A) of the United States Code. (*See* Doc. 132.) Petitioner's plea agreement specifically states that the punishment for pleading guilty "is a term of imprisonment not less than ten years followed by a term of supervised release not less than five years and a fine up to ten million dollars." (Doc. 144, at 1.) Additionally, during Petitioner's change of plea hearing, Magistrate Judge William Carter specifically advised her that, by pleading guilty, she would be subject to a term of imprisonment of at least ten years. (Doc. 242, at 4.) Petitioner testified, under oath and through

an interpreter, that she understood the range of punishment she would face and stated that she wanted to plead guilty. (*Id.* at 18.)

At sentencing, the Court calculated Petitioner's advisory guidelines range as 168 to 210 months' imprisonment. (*See* Presentence Investigation Report, at 10.) After granting a motion for downward departure, the Court sentenced Petitioner to 121 months' imprisonment and entered its judgment on December 12, 2013. (Doc. 211.) Petitioner did not appeal her conviction or sentence to the United States Court of Appeals for the Sixth Circuit.

On November 16, 2015, Petitioner filed the instant motion to vacate, set aside, or correct her sentence pursuant to Title 28, Section 2255 of the United States Code. (Doc. 237.) Although not entirely clear, in her motion, Petitioner appears to argue that: (1) her due process rights were violated under the Fifth Amendment of the United States Constitution because English is her second language and she believed that her sentence would not exceed five years' imprisonment; (2) she received ineffective assistance of counsel because counsel should have negotiated a more favorable plea agreement; and (3) she is entitled to a sentence reduction based on Amendment 782 to the United States Sentencing Guidelines. (*Id.* at 4–5, 12.)

II. **STANDARD OF LAW**

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). The petitioner "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a

2

complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. ANALYSIS

### A. *Timeliness of Petition*

Title 28, Section 2255(f) of the United States Code places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date when the judgment of conviction becomes final; (2) the date when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date when the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

In this case, Petitioner's motion to vacate, set aside, or correct her sentence is not timely. "[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004). Federal Rule of Appellate Procedure 4(b)(A) provides that a defendant's notice of appeal must be filed in the district court within fourteen days of the entry of judgment. Because she did not appeal her conviction or sentence, Petitioner's judgment became final on December 26, 2013. (*See* Doc. 211.) Petitioner did not file the instant motion

until November 15, 2016—almost two years after her judgment became final.[1] (*See* Doc. 237.) Accordingly, Petitioner's motion is untimely.[2]

### B. *Merits of the Petition*

Even if Petitioner's motion were timely, it would fail on the merits. First, to the extent Petitioner contends her due process rights were violated because English is her second language and she believed she would be subject to a maximum term of imprisonment of five years, Petitioner's argument is belied by the terms of her plea agreement and her testimony at her change-of-plea hearing. Petitioner signed a plea agreement specifically stating that punishment for the charge against her "is a term of imprisonment not less than ten years." (Doc. 144, at 1.) Then, at her change-of-plea hearing, Petitioner was again advised, through an interpreter, that the punishment for the charge against her "is a term of imprisonment of at least 10 years." (Doc. 242, at 4.) Petitioner subsequently testified, under oath, that she understood the range of punishment she faced and stated she wanted to plead guilty. (*Id*. at 18.) Accordingly, Petitioner has failed to demonstrate that any language barrier resulted in a violation of her due process rights in connection with her decision to plead guilty or the subsequent sentence imposed.

---

[1] With regard to the timeliness of her motion, Petitioner asserts that she is "[n]ot aware of the final judgment or the statute of limitations." (Doc. 237, at 10.)

[2] Petitioner does not assert that her motion is timely under Section 2255(f)(2), (3), or (4), and nothing in the record supports equitable tolling of the one-year statute of limitations. While the one-year statute of limitations applicable to § 2255 motions is subject to equitable tolling, *Solomon v. United States*, 467 F.3d 928, 933, 935 (6th Cir. 2006), tolling is applied sparingly, *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005). To be entitled to equitable tolling, a habeas petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In this case, Petitioner has not provided any facts demonstrating that she has been diligently pursuing her rights or that some extraordinary circumstance prevented timely filing the present motion.

Second, Petitioner has not demonstrated that she received ineffective assistance of counsel. To collaterally attack her conviction based on ineffective assistance of counsel, Petitioner must establish that her "lawyer[ ] performed well below the norm of competence in the profession and that this failing prejudiced her case." *Caudill v. Conover*, 881 F.3d 454, 460 (6th Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The performance inquiry requires the Petitioner to "show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The prejudice inquiry requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Generally, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Therefore, the Court should resist "the temptation to rely on hindsight . . . in the context of ineffective assistance claims." *Carson v. United States*, 3 F. App'x 321, 324 (6th Cir. 2001); *see also Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.").

In this case, Petitioner fails to demonstrate her counsel's conduct fell below an objective standard of reasonableness or that any failing prejudiced her. In her motion, Petitioner vaguely asserts that her plea agreement was not in her best interest and that, had she known the agreement was not in her best interests, "she would have insisted on more negotiations." (Doc. 237, at 5.) Read in connection with her claim that her due process rights were violated, Petitioner's argument appears to be that counsel should have negotiated a plea agreement that would have yielded a more favorable term of incarceration. (*See id.* at 4–5.) Petitioner's

5

conclusory allegations that counsel should have negotiated a more favorable plea agreement, however, are insufficient to demonstrate that counsel's representation fell below an objective standard of reasonableness or that counsel's representation prejudiced her case. *See Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974) (explaining that claims stated in the form of conclusions without any allegations of fact in support are legally insufficient to sustain review of a Section 2255 petition). Petitioner's post-hoc dissatisfaction with the sentence ultimately imposed does not mean that her counsel rendered ineffective assistance. *See Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998) (explaining that counsel is not constitutionally ineffective simply because a petitioner believes he or she "could have gotten a better deal"). Accordingly, Petitioner has failed to demonstrate that she is entitled to relief under Section 2255 based on ineffective assistance of counsel.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's motion to vacate, set aside, or correct her sentence pursuant to Title 28, Section 2255 of the United States Code (Doc. 237) is **DENIED**.[3] Should Petitioner give timely notice of an appeal from this Order, such notice will be treated as an application for a certificate of appealability, which is hereby **DENIED** since he has failed to make a substantial showing of the denial of a constitutional right or "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court [is] correct in its

---

[3] To the extent Petitioner's motion seeks a sentence reduction based on Amendment 782 to the United States Sentencing Guidelines, the Court has already granted the relief Petitioner seeks in ruling on her separately-filed motion for a sentence reduction pursuant to Title 18, Section 3582(c)(2) of the United States Code. (*See* Doc. 266.)

procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

**AN APPROPRIATE JUDGMENT WILL ENTER.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**